# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

ABILYN'S FROZEN BAKERY, LLC

    Plaintiff,

vs.

HARTFORD UNDERWRITERS' INSURANCE COMPANY,

    Defendant.

Case No. _____

## COMPLAINT

Plaintiff Abilyn's Frozen Bakery LLC ("Plaintiff" or "Abilyn's"), by and through its undersigned counsel, brings this action against Hartford Underwriters Insurance Company ("Defendant" or "Hartford"), and states as follows:

## PARTIES

1. Plaintiff Abilyn's Frozen Bakery, LLC is a limited liability company organized under the laws of Massachusetts, with its principal place of business in Westborough, Massachusetts.

2. Defendant Hartford Underwriters Insurance Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in Massachusetts, and the insurance policy at issue was issued to a Massachusetts business.

## FACTUAL ALLEGATIONS

5.      Plaintiff is a frozen products manufacturer and the named insured under a business owner's policy No. 08 SBA AG1JHM issued by Hartford, effective from June 1, 2023, to June 1, 2024 ("2024 Policy").

6.      A true and accurate copy of the 2024 Policy is attached as **Exhibit A**.

7.      Plaintiff is the named insured under a business owner's policy issued by Hartford, Policy No. 08 SBA AG1JHM, effective from June 1, 2024, to June 1, 2025 (the "2025 Policy" and together with the 2024 Policy, the "Policy").

8.      A true and accurate copy of the 2025 Policy is attached as **Exhibit B**.

9.      The Policy includes coverages for Product Recall and Replacement, Transit Business Income, and Business Income from Dependent Properties, among others.

10.     On or about June 21, 2024, Plaintiff received notice from its co-packer, Totally Cool, that the U.S. Food and Drug Administration (FDA) had mandated a recall of Plaintiff's products due to adverse findings from an FDA inspection of the co-packer's facility.

11.     The FDA recall applied to thirty (30) production runs occurring over almost a year, as follows:

        a.    6/21/23
        b.    6/22/23
        c.    6/23/23
        d.    7/24/23
        e.    7/25/23
        f.    7/26/25
        g.    8/21/23

2

   h. 8/22/23
   i. 8/23/25
   j. 8/28/23
   k. 8/29/23
   l. 8/30/23
   m. 9/26/24
   n. 9/27/23
   o. 10/6/23
   p. 11/14/23
   q. 11/15/23
   r. 11/21/23
   s. 11/22/23
   t. 11/28/23
   u. 11/29/23
   v. 2/26/24
   w. 2/27/24
   x. 2/28/24
   y. 4/1/24
   z. 4/2/24
   aa. 4/3/24
   bb. 4/4/24
   cc. 4/15/24
   dd. 4/16/24

  12. Plaintiff has incurred at least $416,000 in damages, including destroyed product, recall costs, freight, and lost business income. Additional losses continue to accrue.

  13. Plaintiff advised Defendant of the loss.

  14. Defendant did not timely acknowledge Plaintiff's notice of the loss or provide a claim form despite repeated requests.

  15. By letter dated August 9, 2024, Defendant denied coverage under the Policy in its entirety. A true and correct copy of the claim letter is attached as **Exhibit C** (the "First Denial Letter").

  16. On September 3, 2024, Plaintiff submitted a formal claim under the Policy seeking coverage for its losses. A true and correct copy of the claim letter is attached as **Exhibit D**.

3

17. By letter dated June 12, 2025 ("Denial Letter"), Defendant acknowledge coverage, but asserted that the Policy provided for only $50,000 of coverage due to the loss resulting from one "occurrence."

18. A true and correct copy of the Defendant's Denial Letter is attached as **Exhibit E**.

19. The Policy provides specific coverage for:

   a. Product Recall and Replacement up to $50,000 per occurrence in recall-related expenses;

   b. Transit Business Income covering income losses related to supply chain disruptions; and

   c. Business Income for losses stemming from the inability of suppliers to fulfill production.

20. Defendant's denial was not based on a reasonable reading of the Policy, nor did it follow a good-faith investigation into the claim.

21. Defendant also failed to timely communicate with the insured, failed to implement reasonable standards for investigation, and compelled the initiation of litigation to obtain benefits owed under the Policy.

22. Plaintiff suffered losses concerning products manufactured during approximately thirty (30) distinct production runs, each with unique batch numbers, dates, and distribution cycles.

23. The Policy does not define the term "occurrence" or otherwise limit the number of covered losses in connection with multiple separate production runs.

24. Each production run involved separate orders, manufacturing events, input ingredients, packaging lots, distribution chains, and associated business income streams.

25. Each production run constitutes a separate and distinct "occurrence" or "loss" under the Policy.

26. Under the Policy, the Product Recall and Replacement coverage applies per occurrence, and business income losses are calculated per loss event and per interruption.

27. Each production run represents a discrete, independently timed manufacturing event involving distinct inputs, batch codes, and distribution streams.

28. Each production run constitutes a separate "occurrence" or "loss" for purposes of coverage under the Policy, subject to aggregate limits where applicable.

29. Defendant ignored the separate production runs, treated the recall as a single unified event, and improperly aggregated all damages to deprive Plaintiff of the full benefit of its bargained-for coverage.

## COUNT 1 – BREACH OF CONTRACT

30. Plaintiff incorporates by reference the preceding paragraphs as if set forth in full.

31. The Policy constitutes a valid and enforceable contract between Plaintiff and Defendant.

32. Plaintiff fully performed all obligations under the Policy, including submitting notice and any requested documentation for its claim.

33. Defendant breached the Policy by denying coverage for losses that are covered by the Policy.

34. Defendant breached the Policy by failing to timely communicate with Plaintiff concerning Plaintiff's claim.

35. Defendant breached the Policy by failing to timely investigate Plaintiff's claim.

36. Defendant breached the Policy by improperly aggregating separate production-based losses into a single claim occurrence, contrary to the Policy's language.

37. Plaintiff has suffered monetary damages exceeding $416,000, with further damages continuing to accrue.

## COUNT 2 – VIOLATION OF M.G.L. C. 93A AND C. 176D

38. Plaintiff incorporates by reference the preceding paragraphs as if set forth in full.

39. Defendant is engaged in the business of insurance in Massachusetts and is subject to M.G.L. c. 176D and c. 93A.

40. Defendant engaged in unfair and deceptive insurance practices concerning Plaintiff's claim, including but not limited to:

   a. Failing to acknowledge and respond reasonably to claim communications;

   b. Failing to conduct a reasonable and timely investigation;

   c. Refusing to pay a claim without conducting an adequate investigation;

   d. Failing to affirm or deny coverage within a reasonable time;

   e. Failing to effectuate prompt, fair, and equitable settlement of a claim where liability was reasonably clear; and

   f. Forcing the insured to resort to litigation to recover amounts due under the Policy.

41. Defendant's violations were willful and knowing, entitling Plaintiff to double or treble damages, attorneys' fees, and costs pursuant to M.G.L. c. 93A, §§ 9 and 11.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendant on all counts;

b. Award compensatory damages in an amount to be determined at trial, but not less than $416,000;

c. Award multiple damages, attorneys' fees, and costs pursuant to M.G.L. c. 93A;

d. Award prejudgment and post-judgment interest; and

e. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

ABILYN'S FROZEN BAKERY, LLC

By its attorneys,

/s/ Richard J. Land
Richard J. Land, Esq. (662166)
Andre S. Digou, Esq. (683834)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI  02903
Tel.: (401) 453-6400
Email: rland@crfllp.com
          adigou@crfllp.com

Dated: September 29, 2025